UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| GESTAMP CHATTANOOGA, LLC, and GESTAMP NORTH AMERICA, INC., | Case No. 1:21-cv-286 |
| *Plaintiffs*, | District Judge Atchley |
| v. | Magistrate Judge Steger |
| LINCOLN ELECTRIC AUTOMATION, INC., f/k/a TENNESSEE RAND, INC., | |
| *Defendant*. | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Dismiss [Doc. 21] by Defendant Lincoln Electric Automation, Inc. f/k/a Tennessee Rand, Inc. ("Lincoln Electric"). Plaintiffs Gestamp Chattanooga, LLC, and Gestamp North America, Inc. (collectively "Gestamp") filed an Opposition [Doc. 29]. Because the Complaint [Doc. 1] fails to state a claim for which relief may be granted, the Motion [Doc. 21] will be **GRANTED** and this action **DISMISSED WITH PREJUDICE**.

### I. FACTUAL ALLEGATIONS

Gestamp, a citizen of Tennessee, brings this action under the Copyright Act, 17 U.S.C. § 101 et seq., seeking declaratory relief against Lincoln Electric, a citizen of Michigan [Doc. 1, ¶¶ 1-2]. This action follows a pending suit by Lincoln Electric against Gestamp in the Northern District of Ohio. [*Id.* ¶ 25]. Through the two suits, Gestamp and Lincoln Electric assert competing interests in the same piece of computer software code ("the Code").

Gestamp is a major supplier of auto parts to various automotive manufacturing companies, including BMW and Ford Motor Company. [*Id.* ¶ 10]. Gestamp operates three plants in Chattanooga, Tennessee, including a chassis facility where it assembles auto parts for BMW. [*Id.*].

In 2017, Gestamp hired Lincoln Electric to design, build, and install robotic assembly equipment in accordance with Gestamp's specifications at the Chattanooga Plant for the purposes of manufacturing certain parts for BMW.

Gestamp and Lincoln Electric contracted for an integration of the robotic assembly equipment designed and built by Defendant through the modification of custom computer software code. [*Id.* ¶ 14]. According to Gestamp, Lincoln Electric and Gestamp collectively generated certain portions of computer software code ("the Code") for the BMW Project. [*Id.* ¶ 16]. Gestamp sent its employee, Robert Olson, to provide assistance with developing and authoring the Code for the BMW Project. [*Id.* ¶¶ 17-18].

In September 2020, Lincoln Electric applied for and obtained several copyright registrations for the Code. [*Id.* ¶ 22]. Lincoln Electric did not list Gestamp as an author of the code in its applications. [*Id.* ¶ 23]. In October 2020, Lincoln Electric filed suit against Gestamp in the United States District Court for the Northern District of Ohio[1] alleging, *inter alia*, infringement of its copyright registrations. [*Id.* ¶ 25]. On February 5, 2021, Gestamp filed counterclaims for breach of contract regarding a project unrelated to the BMW project. [Doc. 22, p. 4]. It is undisputed that Gestamp did not file any counterclaims pertaining to the BMW project or attacking the validity of Lincoln Electric's copyright registrations for the Code.

Gestamp brought the instant suit on November 19, 2021, more than 13 months after the Ohio action was initiated. [Doc. 1]. The Complaint contains the following claims for relief: (Count I) declaratory judgment of co-ownership of the Code and copyright registrations; (Count II) declaratory judgment that Gestamp's use of the Code does not infringe Defendant's copyright interest; (Count III) declaratory judgment that Defendant committed fraud on the copyright office;

---

[1] That case is captioned *Tennessee Rand, Inc. v. Gestamp Washtenaw, LLC, Gestamp West Virginia, LLC, Gestamp Chattanooga, LLC, and Gestamp North America, Inc., Case No. 1:20-CV-02433-SO*.

(Count IV) declaratory judgement compelling cancellation of Defendant's copyright registrations; (Count V) in the alternative, declaratory judgment compelling correction of Defendant's copyright registrations to reflect co-ownership; (Count VI) order requiring Defendant to make an accounting to Gestamp of all profits received as a result of the copyright registrations.

Lincoln Electric moves to dismiss the Complaint for failure to state a claim, arguing that the instant claims should have been brought as compulsory counterclaims in the Ohio action. Because they were not, Lincoln Electric argues that the claims are forever barred from being raised in in another action, including this one.

## II. STANDARD OF REVIEW

On a motion to dismiss, the Court "must accept as true 'well pleaded facts' set forth in the complaint." *In re Comshare Inc. Sec. Litig.*, 183 F.3d 542, 548 (6th Cir. 1999) (citation omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Generally, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "The [plaintiff's] factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). "Mere labels and conclusions are not enough; the allegations must contain 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 575 (quoting *Ashcroft*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*

*v. Allain*, 478 U.S. 265, 286 (1986).

## III. ANALYSIS

Lincoln Electric argues that dismissal is warranted because Gestamp's claims should have been brought as compulsory counterclaims in the Ohio action. Rule 13(a), relating to compulsory counterclaims, provides in relevant part:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a). Claims that are not brought as compulsory counterclaims pursuant to Rule 13 are subject to dismissal under Rule 12(b)(1) and 12(b)(6). *United States v. University of TN Medical Center Home Care Services*, LLC, No 3:17-cv-96, 2021 WL 3743189 (E.D. Tenn. Aug. 23, 2021); *Stanley v. CitiMortgage, Inc.*, No. 3:17-cv-99, 2018 WL 502718 (S.D. Ohio, Jan. 22, 2018). A party's failure to bring a compulsory counterclaim in an original action "forever bars it" from "raising the claim in another action." *Sanders v. First Nat'l Bank & Trust Co. in Great Bend*, 936 F.2d 273, 277 (6th Cir. 1991). "[O]nce a court becomes aware that an action on its docket involves a claim that should be a compulsory counterclaim in another pending federal suit, it will stay its own proceedings or will dismiss the claim with leave to plead it in the prior action." 6 Arthur R. Miller et al., *Compulsory Counterclaims—Effect of Asserting a Compulsory Counterclaim as a Claim in Another Action*, Fed. Prac. & Proc. Civ. § 1418 (3d ed.).

The Sixth Circuit has cautioned against a literal application of Rule 13(a). *See Maddox v. Ky. Fin. Co.,* 736 F.2d 380, 382 (6th Cir.1984). Rather than look to whether the original claim and counterclaim literally arise out of the same transaction or occurrence, the critical question is whether there is "a logical relationship" between the two claims. *See id.* Under this test, the Court

asks "whether the issues of law and fact raised by the claims are *largely the same* and whether *substantially the same* evidence would support or refute both claims." *Id.* (emphasis in original) (quoting *Sanders,* 936 F.2d at 277).

The Court concludes that Gestamp's claims should have been filed as compulsory counterclaims in the Ohio action. Gestamp does not dispute that it "had" each of its claims at the time of serving. Rather it disputes that they are "logically related" to the Ohio action, contending that "there are numerous legal, factual, and evidentiary considerations at issue in the Tennessee Action that have absolutely no bearing on the Ohio Action." [Doc 29, p. 19].

The Court disagrees. In the pending Ohio action, Lincoln Electric raises a claim of copyright infringement against Gestamp. As part of that claim, Lincoln Electric must show "ownership of a valid copyright in the computer program at issue." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 534 (6th Cir. 2004). Through this later-filed action, Gestamp seeks declaratory relief that would invalidate those same copyrights and affirm Gestamp's co-ownership in the copyrights and the Code.

The logical relationship between Gestamp's claims and the infringement claim could hardly be clearer. First, Gestamp's claim of non-infringement (Count II) is nothing more than a blanket denial of Lincoln Electric's infringement claim. Second, Gestamp's claims of copyright invalidity due to fraud (Counts III and IV) and co-ownership (Counts I and V) are not just logically related to the infringement claim, they are affirmative defenses to it. *Lennon v. Seaman*, 84 F. Supp. 2d 522, 525 (S.D.N.Y 2000) (explaining that "an allegation of fraud on the Copyright Office is typically brought in an infringement action as an affirmative defense to the enforcement of a registered copyright certificate"); *Oddo v. Ries*, 743 F.2d 630, 633-34 (9th Cir. 1984) (explaining that "[a] co-owner of a copyright cannot be liable to another co-owner for infringement of the

copyright"). Indeed, it appears that those issues are already being adjudicated in the Ohio action. [Doc. 6, Exs. 6-13].

Last, Gestamp's accounting claim (Count VI) is part and parcel of its co-ownership claim. *Carell v. Shubert Org., Inc.,* 104 F. Supp. 2d 236, 246 n. 6 (S.D.N.Y. 2000). Federal courts have consistently blocked plaintiffs from bringing accounting claims as an end-run around procedurally-barred ownership claims. *See, e.g., Cambridge Literary Props., Ltd. v. W. Goebel Porzellanfabrik*, 510 F.3d 77, 87 (1st Cir. 2007) (explaining that the plaintiff "must first establish that it is a co-owner, and . . . cannot avoid this by the stratagem of failing to ask for a declaration of ownership as a method of avoiding the federal [three-year] limitations period for an ownership claim governed by the federal Act"). Each and every one of Gestamp's claims involves the same legal issues pertaining to the same copyright registrations in the Ohio action and so they should have been filed as compulsory counterclaims there.

The Court must now choose an appropriate course of action. Gestamp argues that even if its claims are determined to be compulsory counterclaims, the instant action should be stayed rather than dismissed, or dismissed with leave to plead the claims as counterclaims in the Ohio Action. Gestamp quotes Wright and Miller's *Federal Practice and Procedure* as stating that "once a court becomes aware that an action on its docket involves a claim that should be a compulsory counterclaim in another pending federal suit, it will stay its own proceedings or will dismiss the claim with leave to plead it in the prior action." *Compulsory Counterclaims—Effect of Asserting a Compulsory Counterclaim as a Claim in Another Action*, 6 Fed. Prac. & Proc. Civ. § 1418 (3d ed.). Gestamp cites a number of cases applying this principle.

Here, however, the Ohio action is already past the summary judgment stage and the time

for filing counterclaims has long since closed.[2] More importantly, the window to file counterclaims was closed *before* Gestamp initiated this action. It is dubious to interpret Wright and Miller to suggest that leave should be granted in all circumstances regardless of the progression of the first suit and where, as here, the plaintiff has made a conscious decision not to bring his claims as counterclaims in the original suit. Indeed, Gestamp cites no case where a court has ordered another court to grant leave in such circumstances. In fact, Gestamp has not cited any Sixth Circuit case where one federal district court has ordered another to grant relief to a party under that court's jurisdiction. The Northern District of Ohio may very well allow Plaintiff to amend his answer and add his counterclaims under Rule 13(e), but that is not for this Court to decide.[3]

Finally, Gestamp argues that it will face a "substantial prejudice" if its claims are dismissed without leave to file them in the Ohio action. It cites *Inforizons, Inc. v. VED Software Services, Inc.*, 204 F.R.D. 116, 120 (N.D. Ill. 2001) for the proposition that federal courts should not apply Rule 13(a) in a manner that would "could create an unwarranted risk of legal prejudice to the plaintiff." There, however, duplicative actions were brought within eight days of each other, and the second court stayed its proceedings merely out of an abundance of caution should the first suit be voluntarily dismissed. *Id.* at 117. As discussed above, Gestamp brought this suit more than 13 months after the Ohio action was initiated and after choosing not to bring its patent-related claims

---

[2] Judge Solomon Oliver, Jr. ruled on competing summary judgment motions in *Tenn. Rand, Inc. v. Gestamp Washtenaw, LLC*, 2022 WL 20069617 (Mar. 31, 2022). The parties have now reached a settlement agreement and will file a motion to dismiss the case within 30 days.
https://www.pacermonitor.com/public/case/36863884/Tennessee_Rand,_Inc_v_Gestamp_Washtenaw,_LLC_et_al.
[3] Whether the Rule 13(a) bar requires a final judgment is subject to debate. *See generally* 6 C. Wright & A. Miller, *Fed. Prac. & Proc.* § 1418 (2d ed.1990). The Sixth Circuit has not directly addressed this question. Nevertheless, the Court finds persuasive the reasoning of other courts that "the plain language of Rule 13(a) does not require that the first case proceed to judgment before a compulsory counterclaim is barred." *CIVIX–DDI, LLC v. Expedia, Inc.*, No. 04 C 8031, 2005 WL 1126906, at *3 (N.D.Ill. May 2, 2005); *see also Affiliated FM Ins. Co. v. Jou Jou Designs, Inc.,* Nos. 90 Civ. 8262 and 96 Civ. 5194, 1997 WL 150139, *2 (S.D.N.Y. March 28, 1997) (stating that courts may dismiss actions based solely on claims that should have been asserted as compulsory counterclaims in a pending action).

there.

It should be noted that Rule 13(a) does not ask courts to weight the equities, nor does it mention a "substantial prejudice" exception for the obvious reason that every plaintiff faces a substantial prejudice from being unable to prosecute his claims. Substantial prejudice is a feature of Rule 13(a), not a bug. *See Allan Block v. County Materials,* 512 F.3d 912, 915 (7th Cir. 2008) (noting that the failure to file a counterclaim generally precludes it from being made the subject of another lawsuit). In the end, Gestamp could have raised any copyright counterclaims in the Ohio action but chose not to. The prejudice Gestamp now faces is of its own doing and must give way to the central purpose of Rule 13, that is, to promote the judiciary's interest in avoiding competing rulings and jury trials on the same legal and factual issues. *S. Constr. Co. v. Pickard,* 371 U.S. 57, 60 (1962) ("The requirement that counterclaims ... 'shall' be stated in the pleadings was designed to prevent multiplicity of actions.").

## IV. CONCLUSION

For the foregoing reasons, the Motion to Dismiss for Failure to State a Claim [Doc. 21] is **GRANTED** and Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

>  */s/ Charles E. Atchley, Jr.*
>  CHARLES E. ATCHLEY, JR.
>  UNITED STATES DISTRICT JUDGE